NOT DESIGNATED FOR PUBLICATION

No. 128,846

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAUN JOSE SALAZAR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed July 17, 2026. Vacated and remanded with directions.

*Grace E. Tran,* of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier,* assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., BRUNS and HURST, JJ.


PER CURIAM: After pleading no contest and being convicted of a crime, Shaun Jose Salazar was sentenced by the district court to time in prison and ordered to pay 50 percent of the Board of Indigent Defense Services' (BIDS) attorney fees for his court-appointed attorney. On appeal, Salazar presents just the single issue related to the district court's order requiring him to pay the BIDS fees. According to Salazar, the district court ordered him to pay the fees without fulfilling the statutory requirements to inquire and make findings on the record regarding Salazar's financial resources and the burden

created by those fees. This court agrees. The district court's order requiring Salazar to pay the BIDS attorney fees is vacated, and the case is remanded for reconsideration and findings on the record.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2024, the State charged Salazar with felony fleeing or attempting to elude a police officer, misdemeanor driving while suspended, and traffic infractions related to the incident. Pursuant to a plea agreement, Salazar pled no contest to felony fleeing or eluding a police officer, and the State dismissed the remaining charges. The parties agreed to recommend probation, but at sentencing, the district court found that Special Rule 9 applied because Salazar committed the offense while on supervision for another case. Applying that rule, the court ordered that Salazar's sentence be served consecutively to all other cases and found it could ignore the presumption of probation, instead imposing a 13-month prison sentence. See K.S.A. 21-6604(f)(1).

At the conclusion of the sentencing hearing, the district court ordered that Salazar pay the BIDS application fee and "50 percent of [his] Court appointed attorney's fees."

DISCUSSION

On appeal, Salazar only challenges the district court's order to pay attorney fees, alleging the district court failed to comply with K.S.A. 22-4513 when it ordered him to pay 50 percent of his attorney fees. Salazar did not raise this challenge to the district court. Although, generally, an issue must be raised before a district court before it can be appealed to this court, the Kansas Supreme Court has explained that in the context of appeals challenging the district court's BIDS fees assessment, "because the statute places mandatory duties upon the district court, consideration is necessary to serve the ends of

2

justice." *State v. Garcia-Garcia*, 309 Kan. 801, 822, 441 P.3d 52 (2019). Finding no reason to deviate from that reasoning, this court addresses Salazar's challenge.

Appellate courts review a district court's order imposing an award of attorney fees for an abuse of discretion. *State v. Buck-Schrag*, 312 Kan. 540, 555, 477 P.3d 1013 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

Although the district court is afforded discretion when imposing attorney fees, that discretion must be carried out in accordance with the law, and thus whether the district court abused its discretion through an error of law is reviewed de novo. See, e.g., *State v. Gary*, 282 Kan. 232, 236, 144 P.3d 634 (2006) (explaining that when a question of law arises under an abuse of discretion standard, the court exercises unlimited review over that question of law). Therefore, because Salazar challenges the district court's compliance with the statutory provisions governing BIDS fee assessments under K.S.A. 22-4513, this court must interpret that statute and determine the district court's compliance, over which it exercises unlimited review. *Garcia-Garcia*, 309 Kan. at 822.

Salazar takes issue with the district court's decision in two ways. First, he argues the district court failed to adequately inquire about his financial status and make explicit findings as to how it reached its fee decision, and, second, he argues the district court erred by imposing a flat 50 percent fee without consulting statutory guidelines for calculating the fee. See K.S.A. 22-4513(a), (b).

The statute provides that the district court may assess some or all the BIDS attorney fees against the defendant under the following circumstances:

"(a) If the defendant is convicted, *all expenditures made* by the state board of indigents' defense services to provide counsel and other defense services to such defendant *or the amount allowed by the board of indigents' defense reimbursement tables . . . , whichever is less*, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases." (Emphases added.) K.S.A. 22-4513(a).

In determining the amount of fees to assess against the defendant, the statute provides that the court must consider the defendant's financial resources and the burden:

"(b)In determining the amount and method of payment of such sum, *the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose*. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment." (Emphasis added.) K.S.A. 22-4513(b).

The Kansas Supreme Court has explained that "[w]hen determining the amount and method of payment, district courts must explicitly consider two circumstances on the record: (1) the financial resources of [the] defendant; and (2) the nature of the burden that payment of the award will impose." *State v. Anderson*, 318 Kan. 425, 444, 543 P.3d 1120 (2024). However, a defendant can waive the right to have the district court make these determinations. *State v. Copes*, 290 Kan. 209, 217, 224 P.3d 571 (2010).

Here, the district court received only limited information about Salazar's financial situation and did not make any further inquiry at sentencing. During Salazar's sentencing hearing, while asking the court to follow the probation recommendation, Salazar's attorney stated that Salazar was working for a company for a "little bit over a year" prior to being incarcerated and that Salazar had been in contact with them and had a job lined

4

up "as soon as he [could] get back to them." Salazar also stated that he had a job "still waiting" for him. That was the extent of the inquiry into Salazar's financial resources at the sentencing hearing; there was no information about Salazar's expected hours, salary, or financial burdens.

The Kansas Supreme Court has explained that evidence that a defendant is employable and worked when not incarcerated is not an adequate inquiry into the defendant's financial resources or burdens. *State v. Wade*, 295 Kan. 916, 927, 287 P.3d 237 (2012). Here, for example, the district court did not inquire into the nature of the work Salazar anticipated doing, if that work would still be available to him if he was imprisoned rather than receiving probation as the defense and the State had recommended, or what Salazar could expect to earn in the position. Nor did the court inquire into Salazar's debts and financial obligations.

The State does not dispute this lack of inquiry into Salazar's financial resources or burdens but argues that Salazar's failure to establish the amount of the attorney fees he was ordered to pay undermines his appeal. According to the State, when the district court ordered Salazar to pay 50 percent of the BIDS attorney fees, there was no amount established, and thus any error by the district court was harmless because the record does not demonstrate the BIDS amount that was actually ordered. However, as Salazar points out, the lack of a specific attorney fee amount in the record is an error, not a failure to designate an error. How could the district court establish the burden on Salazar to pay a fee when the fee amount is unknown?

The Kansas Supreme Court has found reversible error under similar circumstances, stating, "The sentencing court ordered [the defendant] to pay 30 percent of the attorney fees without knowing how much they were. The court did not fulfill its statutory duty to consider his financial resources and the burden created by the attorney fees before granting a partial waiver." *Garcia-Garcia*, 309 Kan. at 824. Here, by failing to

5

acknowledge the amount of attorney fees at issue, the district court failed to consider the nature and the burden that payment of the award would impose on Salazar. While the district court ordered Salazar to pay only 50 percent of the attorney fees, that reduction in fees did not constitute an inquiry into Salazar's financial resources and burdens as required by K.S.A. 22-4513. See *State v. Chavez*, No. 114,244, 2017 WL 3202955, at *7 (Kan. App. 2017) (unpublished opinion) ("[S]imply reducing the amount of fees Chavez was obligated to repay was not an adequate substitute for the financial inquiry required by K.S.A. 22-4513 . . . ."); *State v. Carter*, No. 116,260, 2017 WL 2306331, at *1 (Kan. App. 2017) (unpublished opinion) (insufficient inquiry into defendant's financial circumstances).

Salazar also argues that by ordering him to pay 50 percent of an unknown amount without consulting the BIDS reimbursement tables or inquiring into the total amount of fees, it appears that the district court likely made an error of law or acted arbitrarily. The statute contemplates that the district court inquire about the total expenditures made by BIDS, compare that sum to the reimbursement tables, and then impose the fee, rather than just ordering the defendant to pay an arbitrary percentage. However, this court need not review the district court's actual fee calculation because the district court's failure to make the necessary explicit findings concerning Salazar's financial condition and the nature of the burden that payment of the fees would impose on him constitutes reversible error on its own.

CONCLUSION

The district court failed to inquire into Salazar's financial status and the nature of the burden that payment of attorney fees would impose as required by K.S.A. 22-4513(b), and thus this court must vacate the district court's BIDS fee order and remand for reconsideration of Salazar's obligation.

Vacated and remanded with directions.